NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR TORRES VASQUEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3831

Agency No.
A200-246-010

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2025[**]
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Petitioner Oscar Torres Vasquez ("Torres") seeks review of a Board of

Immigration Appeals ("BIA") decision affirming a decision by an Immigration

Judge ("IJ"), which denied Torres's claims for withholding of removal and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we apply the highly deferential substantial evidence standard to the agency's findings of fact. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's facts are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted). We review questions of law de novo. *Id.* And in those circumstances where "the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

Torres asserts that he will be subject to future persecution based on his membership in two proposed particular social groups: (1) "men who entered the U.S. at a young age, have lived in the United States for over 20 years, and are now returning to Mexico," and (2) his family. Substantial evidence supports the IJ's conclusion that Torres failed to demonstrate a nexus to a protected ground because Torres testified that "everyone" in his town is forced to work for the Chocololes and because Torres's fear of future persecution stems from "general criminality" present in Mexico. Because failure to prove a nexus to a protected ground is an independent basis for denying withholding of removal, we decline to reach Torres's remaining arguments. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023).

23-3347

Additionally, substantial evidence supports the agency's conclusion that Torres failed to establish that relocation within Mexico would be unsafe or unreasonable. Torres's claim centers on fear of the Chocololes' operations in Magdalena, but he admits that he "do[es]n't know about [the Chocololes' operations in] other towns in Mexico" and only fears relocation because of general "crime . . . through the entire country." Torres points to the general country conditions in Mexico to argue that, even if he relocated from Magdalena, he would be targeted by cartels due to his perceived wealth. But the evidence Torres provided showing widespread cartel activity in Mexico indicates that many areas of Mexico are controlled by police and security forces and that a returning person would be safe in those areas. Torres never presented any reason why it might not be feasible for him to relocate to one of these safe areas of the country. *See Kaur v. Garland*, 2 F.4th 823, 836 (9th Cir. 2021) (If a petitioner "has not established past persecution" he "bears the burden of showing []he could not reasonably relocate.").

Substantial evidence likewise supports the agency's denial of Torres's CAT claim. Apart from generalized evidence of violence and crime in Mexico, which is insufficient to prove eligibility for CAT protection, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010), Torres points only to the prevalence of the Chocololes gang in Magdalena to show that he might be tortured upon return to Mexico. This alone does not compel a finding of likely future torture. *See Zheng v.*

*Holder*, 644 F.3d 829, 835−36 (9th Cir. 2011) (denying CAT relief where "claims of possible torture remain speculative"). And although Torres presented evidence that the Mexican government struggles to combat violence by organized criminal groups, "a general ineffectiveness on the government's part to investigate and prevent crime" does not compel a finding that the Mexican government would consent to or acquiesce in torture. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED**.